## (January 16, 1953.)

POTOLSKI INTERNATIONAL, INC., Appellant, v. HALL'S BOAT CORPORATION, Respondent.— Motion by plaintiff-appellant in a replevin action for a stay of proceedings to retake the chattel by the defendant during the pendency of the appeal. The undertaking given by plaintiff in obtaining possession of the chattel protects the defendant during the plaintiff's appeal as well as in the earlier stage of the action. Motion granted on condition the appeal is perfected and record and brief filed and served by appellant on or before February 20, 1953, and the appellant is ready to argue at the March Term of this court. Trial of respondent's separate action is stayed under the same conditions until the determination of the appeal. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Imrie, J., taking no part.

In the Matter of the Claim of EDWARD FIELDS, Respondent, against IDA REDOWSKY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from an award made this claimant by the Workmen's Compensation Board and from its decision charging the fund for liability for the payment of compensation after 104 weeks of disability. Claimant was employed as a sales clerk. Employer was his mother-in-law. He fell through a trap door and sustained accidental injuries. Appellant contends that neither employer nor the claimant knew that the latter had pre-existing disabling Paget's disease. There was evidence that claimant's wife and her brother, the son of the employer, knew of the existence of the disease, and that the employer knew something was troubling claimant with his bones. The decision appealed from followed a review of the facts and evidence. The board found this to be a proper claim under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law and the Special Disability Fund liable for disability beyond 104 weeks. The board also found that medical proof adduced a 40% earning capacity indicated after October 5, 1950. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.