In the Matter of the Claim of HECTOR GHIRARDI, Respondent, against MACK MANUFACTURING CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was hired by the Mack Manufacturing Corporation as an electrician in October, 1943. At this time a company physician who examined claimant found that he was suffering from "essential hypertension" and noted in the company records

that his blood pressure was 190/90. He also noted in the company records that claimant was " advised to go to own doctor regarding blood pressure ". Notwithstanding this notice the claimant was hired, and six years later, in 1949, while drilling a hole in a truck he struck his head and suffered a cerebral thrombosis and left hemiplegia. There is further proof that before this accident claimant came frequently to the first aid room complaining to the company nurse of headaches and told her on one occasion that he had high blood pressure. There is no dispute in the record that this high blood pressure, which itself is not disputed, is a permanent physical impairment. There is evidence that while the accident brought on the paralysis, it was essentially caused by the blood pressure. The board has held that the claim does not come within paragraph (d) of subdivision 8 of section 15 of the Workmen's Compensation Law under which the employer or carrier would be entitled after 104 weeks of payment to reimbursement from the Special Disability Fund where the result of the accident is aggravated because of a pre-existing permanent physical impairment. The finding of the board on which such right to reimbursement was avoided is that claimant was " not suffering from any permanent condition due to a previous accident or disease * * * which was or was likely to be a hindrance or obstacle to employment " and further that " Any alleged condition or disability " which " he may have had " was " not known to, nor considered by " the employer at the time of hiring. There is no substantial evidence in support of these factual conclusions when the record is viewed as a whole. Decision and award reversed, on the law, and the claim remitted to the board, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.