In the Matter of the Claim of JOHN DUGAN, Respondent, against MULLER DAIRIES, INC., et al., Appellants, and Special Disability Fund, Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 12, 1953.

*William F. Hanson* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for respondent.

*Arthur Bardack* for claimant-respondent.

*John M. Cullen* for Special Fund Conservation Committee.

Coon, J.   Claimant had been employed for approximately sixteen years as a wholesale route man making deliveries of cases of milk to retail stores.   On April 16, 1951, while engaged in unloading sixty-pound cases of milk, claimant suffered a cerebro-vascular hemorrhage with a left-sided hemiplegia. Claimant had been suffering from a pre-existing hypertension vascular disease.   All of the medical testimony in the case indicates that the disability resulting from the accident of April 16, 1951, was substantially greater because of the pre-existing disease.   While the board in its findings has found that claimant '' was not suffering from any permanent condition due to previous accident or disease '', and '' was not suffering from a permanent physical disability up to the time of the accident '', there is no evidence in the record to support such a finding. The board in its memorandum of decision seems to concede that the pre-existing condition was permanent, and bases its decision upon the ground that the employer did not have knowledge of the permanency.   There is medical testimony in the record that the pre-existing condition was permanent, and we do not find that it is disputed.

On May 27, 1949, nearly two years prior to the accident, the employer's physician, following a routine examination of claimant, notified the employer in writing that the examination of claimant '' reveals a hypertension with cardiac involvement referred to as a ' hypertensive heart disease.'   It is my opinion that if not improved he should be removed from any hazardous position he may occupy such as driving.''   Because the employer had no lighter work or other job for claimant he was continued in the same employment, being advised to consult his own physician.   On June 1, 1949, claimant presented to his employer a certificate from his personal physician which read:   '' John Dugan, 307 East 239th Street has been under my professional

care for hypertension for the past year. Treatment: Salt-free diet. Blood pressure 154/89.'' It appears in the record that claimant had been treated for high blood pressure and hypertension by a physician during 1946 through 1947, 1948 and 1949, and continuing right up to 1951.

The board has held that subdivision 8 of section 15 of the Workmen's Compensation Law does not apply, and that appellants are not entitled to reimbursement for the payment of compensation after the first 104 weeks. As we view the record, it appears without dispute that claimant was actually suffering from a permanent condition of long standing due to previous disease, and was continued in his employment after the employer had been expressly advised of the condition. The express advice of a physician to an employer that the condition is permanent in so many words is unnecessary to meet the requirements of the statute or *Matter of Zyla* v. *Juilliard & Co.* (277 App. Div. 604). It is enough if the condition is actually permanent and the employer knows of the existence of the condition and is in a position to form some judgment as to whether it is temporary or permanent. This is particularly true when the employer has knowledge that the condition is of long standing.

This is an especially strong case on the question of whether the previously existing condition '' is or is likely to be a hindrance or obstacle to employment '', because the employer was expressly advised by its own physician that '' if not improved he should be removed from any hazardous position he may occupy such as driving.'' The words '' if not improved '' do not suggest complete recovery.

Upon the record as a whole there is no substantial evidence to support the conclusion of the board that subdivision 8 of section 15 of the Workmen's Compensation Law does not apply, and the case comes squarely within the intent and purpose of the Legislature expressly set forth in the statute. (See *Matter of Ghirardi* v. *Mack Mfg. Corp.*, 282 App. Div. 905.)

The decision and award should be reversed insofar as the Special Disability Fund is discharged from liability, and the matter should be remitted to the Workmen's Compensation Board, with costs to the appellants.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Decision and award reversed insofar as the Special Disability Fund is discharged from liability, and the matter remitted to the Workmen's Compensation Board, with costs to the appellants.