In the Matter of the Claim of FRANK CHARDEEN, Respondent, against GENERAL ELECTRIC COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The sole issue is whether the employer and its insurance carrier are entitled to reimbursement from the Special Disability Fund for all compensation and medical benefits subsequent to those payable for the first 104 weeks of disability, pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law. As a young boy, the claimant had undergone a surgical operation to correct a condition of osteomyelitis which resulted in some atrophy of the thigh and calf of his left leg and a shortening of the left lower extremity of approximately one inch. This left him with a definite and noticeable permanent limp. The claimant went to work for the employer in 1945, as an outside truck driver and subsequently was transferred to the job of operating an electric truck and hoist inside the plant. While operating this electric truck and hoist in 1948, he sustained accidental injuries to his left leg which resulted in a 90% schedule loss of use of his left leg which is substantially greater than that which would have resulted from the industrial injury alone. The board found that the claimant was not suffering from any previous permanent physical impairment which was or was likely to be a hindrance or obstacle to his employment. There is no substantial evidence in the record to support such finding. The claimant prior to the industrial accident had a one-inch shortening of his left leg and other pathology which resulted in a 20% schedule loss of use of his left leg. This previously existing condition was or was likely to be a hindrance or obstacle to employment because of its very nature. It was a condition known to the plant nurse and the plant production supervisor and, in fact, was obvious to anyone who watched the claimant walk. In our view, the case comes squarely within subdivision 8 of section 15. (*Matter of Dugan* v. *Muller Dairies,* 282 App. Div. 590; *Matter of Ghirardi* v. *Mack Mfg. Corp.,* 282 App. Div. 905.) Decision and award reversed insofar as the Special Disability Fund is discharged from liability and the matter remitted to the Workmen's Compensation Board for further proceedings in conformity herewith, with costs to the appellants. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.