■ In the Matter of the DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant, against BOARD OF SUPERVISORS OF THE COUNTY OF BROOME, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ. [See 1 A D 2d 867.]

■ In the Matter of BERNARD ABRAMSON et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, against COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.— Motion by the petitioners for an order amending the decision of this court denied, without costs. Order settled in accordance with the proposed order submitted by the board of education of the City of New York. Motion by Samuel P. Robbins to intervene denied, without costs, upon the ground that no useful purpose would be served by intervention in this court at this stage of this proceeding. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ. [See 1 A D 2d 366.]

■ In the Matter of the Claim of ISIDORE PERSKY, Respondent, against STANLEY PERSKY POULTRY MARKET, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from a decision and awards whereby claimant was awarded compensation for reduced earnings by reason of permanent partial disability and the Special Disability Fund charged for all compensation in excess of that for the first 104 weeks. Claimant was president of the employer corporation and the other officers were members of his family. All were aware that for many years prior to the accidental injury here involved claimant had suffered from diabetes mellitus. That condition has been found to have aggravated the effects of his injury, necessitating a partial amputation and causing permanent impairment of circulation. To be implied from the statute, designed to encourage the employment of handicapped persons, is the requirement of an "informed decision" by a present or prospective employer. (Matter of Zyla v. Juilliard & Co., 277 App. Div. 604, 606.) Appellant contends that the fact that the corporation was owned and managed by members of a family rendered that requirement impossible of fulfillment and that the statute was not intended to benefit such a corporation. In our view, there is nothing in the proof here which would warrant the distinction for which appellant contends, could such a distinction be made without doing violence to the clear language of the statute. Decision and award unanimously affirmed, with costs to the respondent-carrier. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.