■ In the Matter of the Claim of HARRY L. WEINBERGER, Respondent, against A. ZEIBERT & SONS, INC. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The sole issue arises upon the board's denial of reimbursement to the appellants from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Some 18 months prior to the accident upon which is based the present award for disability on account of acute coronary thrombosis, claimant sustained a compensable injury to his back. The employer, with some knowledge of that injury and aware that claimant complained of pain and wore a belt prescribed by a physician, continued to employ claimant at somewhat lighter work. The board's formal finding against appellants was amplified by the statement in its memorandum of decision that "the employer had knowledge of claimant's pre-existing condition, but there is no substantial proof that the employer knew that claimant's condition was permanent or that it would become a hindrance or obstacle to the employment". It may fairly be said that the only medical proof of such permanence was adduced after the second accident and as there is no evidence that claimant himself knew or contended, prior to that time, that the back condition was permanent, it is difficult to reach the conclusion that the employer had knowledge of any permanent physical impairment (*Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604) or, knowing of the existence of some condition, was in a position to form some judgment as to whether it was temporary or permanent (*Matter of Dugan* v. *Muller Dairies*, 282 App. Div. 590). As evidence of such knowledge or of an informed judgment, appellants rely on testimony of an officer of the corporate employer, the claimed purport of which is that the officer considered the back injury permanent because he had for many years suffered from a back condition which he believed similar to that of claimant. The board was clearly warranted in finding unsubstantial the conclusory testimony of this nature, resting as it did on so tenuous a basis. Decision and award unanimously affirmed, with costs to the Special Disability Fund. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.