■ In the Matter of the Claim of HARRY DUBROW, Respondent, against 40 WEST 33RD STREET REALTY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board, which denied them reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The claimant had suffered an injury to his left hip in his youth, which resulted in a shortening of his left leg. According to conflicting testimony, the shortening was from one-fourth of an inch to one inch. The claimant testified that he limped only in bad weather but the employer's manager testified that the claimant walked with a decided limp which was noticeable at the time of hiring and thereafter. He stated that he had discussed the claimant's injury with him because he had

suffered a similar injury himself but he admitted that he had not given the claimant any special job because of the limp. While at work, the claimant fell off a ladder and suffered injuries which caused an aggravation of the condition of his left hip and made operative procedure necessary. The employer claimed reimbursement from the Special Disability Fund (Workmen's Compensation Law, § 15, subd. 8) but the board denied it. The board's memorandum indicates that the denial was based upon the ground that "Although there was knowledge of a prior physical impairment, no special consideration was given in the assignment of work". This ground is plainly inadequate. There is no requirement in the statute, or in the cases construing it, that special consideration must be given to the disabled person in assigning work to him, in order to entitle the employer to reimbursement from the Special Disability Fund (*Matter of Zyla* v. *Juilliard & Co.,* 277 App. Div. 604, 606) and the attorney for the Fund does not seek to defend the board's decision upon that ground. The formal findings by the board give as the ground for denying reimbursement that, prior to the accident, the claimant had not suffered "from a permanent physical impairment which was or was likely to be a hindrance or obstacle to his employment". This finding is not supported by substantial evidence. The evidence is overwhelming that the claimant was, in fact, suffering from a permanent disability to his hip resulting in a shortened leg. If, by its holding, the board meant to imply that the limp was not noticeable and therefore would not affect the hiring or retention in employment of the claimant, this implied finding was also unsupported by substantial evidence. The evidence was clear that the limp was noticeable and, in fact, had been noticed by the employer both at the time of hiring and upon various occasions thereafter, prior to the accident. The claimant's testimony that he limped only in bad weather did not contradict this since there were concededly many instances during the period of his employment when he noticeably limped. The referee, in his oral opinion, gave still a different reason for discharging the Special Fund from liability. He held that the employer had no knowledge of the permanency of the injury. He based this upon the facts that the employer's manager admitted that he had no medical evidence as to the permanence of the claimant's injury and that he did not know whether it could be cured and therefore he did not known whether, in that sense, it was permanent. The referee refused to allow the witness to testify as to whether he had formed an opinion of his own at the time of hiring the claimant or continuing his employment as to the permanence of the injury. The rulings of the referee represent a misconception of the requirement of knowledge of permanence on the part of the employer. There is no requirement that the employer have medical evidence or knowledge to a point of medical certainty as to the permanence of the injury. It is sufficient, in a case in which the injury was actually permanent, that the employer had formed his own conclusion or belief that the injury was permanent (*Matter of Dugan* v. *Muller Dairies,* 282 App. Div. 590). If the employer had such an opinion or belief and nevertheless hired or retained the injured person, the policy of the Second Injury Law requires that reimbursement be allowed. Decision of the Workmen's Compensation Board reversed, with costs to the appellants against the Special Disability Fund and the case remitted to the Workmen's Compensation Board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.