■ In the Matter of the Claim of CHARLES NAGORKA, Respondent, against D. GOLDSTEIN et al., Doing Business as GORDON PAINTING AND DECORATING CO., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board, which denied them reimbursement from the Special Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The claimant was employed as a painter and suffered injuries when he fell from a scaffold. Prior to the accident, the claimant had been hard of hearing for several years and this had been known to the employer. The employer found it necessary to speak to him louder than he did to other persons but the claimant's work as a painter was not otherwise affected. As a result of the accident, the claimant suffered a disabling leg injury. He also complained of an increased loss of hearing. The employer sought reimbursement from the Special Disability Fund (Workmen's Compensation Law, § 15, subd. 8). The board denied reimbursement on the ground that, while the employer had knowledge of the claimant's loss of hearing, " this impairment did not prevent the claimant from working at his regular occupation and was not or likely to be a hindrance or obstacle to employment within the statutory definition ". The test implicit in this holding by the board is an erroneous one. The question is not whether the impairment is one which would prevent the claimant from doing his work in a normal and acceptable manner but whether the impairment is one which is likely to be an adverse factor in the claimant's being employed or being retained in employment. Many handicapped persons are, in fact, able to do their work as well as those free from handicap but there may be a greater risk of injury to them or there may be a risk that, in the event of injury, their total permanent disability will be greater than the disability which would have resulted from the subsequent injury alone. For these and related reasons, employers may be reluctant to employ such persons; the second injury law was designed to overcome this reluctance. The board should reconsider the question of whether, in this case, the claimant's impairment of hearing was likely to be a hindrance to employment in the light of this principle. There are further questions involved in this case (1) as to whether the total disability to which the accident contributed is any greater than it would have been if there had been no prior impairment, and (2) as to whether the disabilities suffered by claimant are separable so that reimbursement should be limited to the disability connected with the prior impairment. We do not pass upon these questions at this time. Decision of the Workmen's Compensation Board reversed, with costs to the appellants against the Special Disability Fund, and the case remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.