■ In the Matter of the Claim of RAY SHELDON, Respondent, against DOUGHTY'S LAUNDRY SERVICE et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board, which denied their claim for reimbursement against the Special Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The claimant was employed as a laundry washer and, while unloading wet clothes from a washing machine, he suffered a back injury. At the time he was hired, he was suffering a number of disabilities, including abdominal and umbilical hernias, and elephantiasis of the lower abdomen, penis and scrotum. Because of these conditions, it was impossible for the claimant to walk or stand with his legs together. When he was hired, the employer noticed that he could not walk freely, that he had an enlarged abdomen, that he moved about slowly, that he walked with a shuffle and with his legs wide apart and that he held himself rigid. The employer talked to the claimant about his condition but he dropped the subject when it became apparent that it was embarrassing to the claimant to talk about it. The employer claimed reimbursement from the Special Disability Fund for compensation payments beyond 104 weeks. The board denied reimbursement on the ground that " while the employer may have noted certain oddities about the claimant, he was not aware that claimant had any permanent physical impairment which was or was likely to be a hindrance or obstacle to employment ". This conclusion on the part of the board was contrary to all the evidence in the case. That the claimant was, in fact, suffering from a permanent physical impairment, is not questioned. The condition was obvious to anyone who saw the claimant; that it was likely to adversely influence an employer in deciding whether to employ him was also self-evident (cf. Matter of Chardeen v. General Elec. Co., 285 App. Div. 914). On the question of whether the employer knew that the condition was permanent, it is evident that the employer believed it to be permanent. This was sufficient; there is no requirement in the statute of a showing that the employer had medical evidence on the subject or that he knew to a point of medical certainty that the condition was a permanent one. Decision of the board reversed, with costs to the appellants against the Special Disability Fund and the case remitted to the board for further proceedings in conformity herewith. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.