■ In the Matter of the Claim of JOSEPH DAVIS, Respondent, against CONCOURSE GARDENS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which denied reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant was hired as a pantryman in a restaurant and the injuries which gave rise to this claim were sustained the same day. The respondent Special Fund concedes that claimant then suffered from long preexisting permanent conditions of solid ankylosis of the left hip joint and marked atrophy of the left thigh and calf. There was uncontradicted medical evidence of disability, due to complete loss of motion at the hip and to shortening

of the left leg. When hiring claimant, the employer observed that he limped and that his left leg was short. The board found: "Although the employer had knowledge of claimant's prior condition no special consideration was given. The claimant was not suffering from any previous permanent physical impairment which was, or was likely to be a hindrance or obstacle to his employment." The facts are markedly similar to those in *Matter of Dubrow* v. *40 West 33rd St. Realty Corp.* (4 A D 2d 896) and the board's decision here proceeded upon theories which we disapproved in that case and in *Matter of Nagorka* v. *Goldstein* (4 A D 2d 904). With respect to the finding in the *Dubrow* case that "no special consideration was given in the assignment of work", we said, "There is no requirement in the statute, or in the cases construing it, that special consideration must be given to the disabled person in assigning work to him, in order to entitle the employer to reimbursement from the Special Disability Fund". In the *Dubrow* case, as here, the claimant suffered from a pre-existing permanent disability to his hip resulting in a shortened leg and we held unsupported by substantial evidence the board's finding that such condition did not constitute "a permanent physical impairment which was or was likely to be a hindrance or obstacle to his employment". The evidence does not support the like finding here. In the *Nagorka* case (*supra*) we pointed out a possible misconception by the board in finding that the proven impairment did not constitute a hindrance or obstacle to employment and we held: "The question is not whether the impairment is one which would prevent the claimant from doing his work in a normal and acceptable manner but whether the impairment is one which is likely to be an adverse factor in the claimant's being employed or being retained in employment." Decision of the Workmen's Compensation Board reversed, with costs to appellants against the Special Disability Fund, and case remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.