In the Matter of the Claim of RAYMOND FERGUSON, Respondent, against ART STONE COMPANY et al., Respondents. SPECIAL DISABILITY FUND, Appellant; WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 23, 1958.

*John M. Cullen* for appellant.

*Raymond Ferguson,* claimant-respondent in person.

*Morgan F. Bisselle* and *Warren C. Tucker* for Art Stone Company and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, J. Appeal by Special Fund under section 15 (subd. 8) of the Workmen's Compensation Law from a Workmen's Compensation Board decision granting reimbursement to the carrier from the said Fund for all compensation after 104 weeks in an occupational disease case.

On June 22, 1955, decision filed July 28, 1955, a majority of the board by a two-to-one decision concluded that section 15 (subd. 8) was not applicable to the present facts and affirmed the decision of the Referee. Thereafter the claim was again reviewed by the board, the prior findings and decision reversed and new findings and decision made that the facts came within the provision of section 15 (subd. 8) of the Workmen's Compensation Law.

The sole question for review by this court is whether as a matter of law the facts and circumstances as found by the decision of the board mentioned above are sufficient to come within the meaning and mandate of section 15 (subd. 8). We are further advised that this is the first so-called " second injury case " presented to the court in which the second injury is an

occupational disease rather than an injury resulting from trauma. It is conceded that section 38 of the Workmen's Compensation Law provides for both types of accident. No one appeals the findings of occupational disease or the award based thereon.

Section 15 (subd. 8) was enacted to encourage the hiring of handicapped persons by spreading among the industry as a whole a part of the extra compensation costs incurred because of such hiring. It provides and requires basically (1) that when an employer hires or retains in his employ an employee who has a permanent physical impairment (2) which is or is likely to hinder that employee from getting a job, (3) and the employer had knowledge of such impairment at the time of hiring or of continuing the employment and (4) that employee later incurs a disability resulting from accident or occupational disease due to the employment and (5) disability is greater than that which would have been caused by the subsequent accident or occupational disease alone, the employer may seek reimbursement from a Special Fund for all compensation paid after 104 weeks.

The facts developed establish that claimant had worked for the employer, Art Stone Company, from May 24, 1927 to November 24, 1952, except for various stoppages because of the physical complaints of the claimant which began in 1928 and continued spasmodically thereafter. One of the necessary requisites, that the employer had knowledge of a permanent impairment during the term of employment of claimant, was stipulated between the parties. The employer's report of injury, dated December 10, 1952, Item 17, reads as follows: "Asthmatic Condition. Has been bothered with it for several years."

The record taken as a whole supports findings of the board that the impairment suffered by claimant would be a hindrance to employment, that employer had knowledge of such condition in continuing the employment or rehiring claimant, and established the date of disablement as of November 24, 1952.

This case is distinguishable from *Matter of Zyla* v. *Julliard & Co.* (277 App. Div. 604) where employer did not know of a pre-existing condition or that such condition would be a hindrance to possible employment.

The remaining question is whether there was sufficient evidence to establish the other necessary requisites as required by the statute.

There were extensive medical examinations by various specialists to determine the condition of the claimant. It seems apparent from their testimony that he suffered from asthma and

emphysema for many years. It also seems a fair assumption that the type of work in which he was engaged continually aggravated this condition resulting in his being out of work temporarily, either for brief or extended periods of time. When he felt better he returned to work at the suggestion of his employer who knew the existing conditions and who created different jobs or piecework for the claimant.

From this and other testimony and a review of the record on appeal, it appears the board resolved that the disease was contracted within one year of November 24, 1952 and further found from the medical evidence that the occupational disease combined with the pre-existing handicap to cause a greater disability than the occupational disease itself would have caused had the pre-existing condition not been present.

With reference to section 15 (subd. 8) of the Workmen's Compensation Law, this court has recently said in *Matter of Netto* v. *General Crushed Stone Co.* (5 A D 2d 721): " The conditions, and effect of conditions, existing before the accident must always be viewed retrospectively in the light of the occurrence of the accident and its effect. This retrospective view may be taken upon the basis of medical opinion of the nature and the gravity of the preaccident physical condition; and of the medical or industrial opinion, or both, on the effect of such a condition upon employment. This will often present an open question of fact ".

We feel that there was sufficient proof to comply with the requirements of section 15 (subd. 8) and that the decision should be affirmed, with costs.

FOSTER, P. J., BERGAN, GIBSON and REYNOLDS, JJ., concur.

Award affirmed, with costs to the respondents Art Stone Company and Utica Mutual Insurance Company.