■ In the Matter of the Claim of SAMUEL M. SIMON, Respondent, against COLUMBIA PICTURES CORPORATION et al., Appellants, and SPECIAL FUND FOR REOPENED CASES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board affirming a decision and award of the Referee which held that the claimant sustained an accidental injury on June 22, 1954, which together with an injury previously sustained by the claimant on October 20, 1937 caused him to be permanently totally disabled and directed the appellants to pay to the claimant compensation at the rate of $16 per week until there was proof of a change in condition and has also charged the Special Fund for Reopened Cases with an equal amount, viz, $16 per week to cover the portion of the permanent total disability arising out of the accidental injuries sustained on October 20, 1937. The carrier has appealed from the board's decision on the ground that there is no substantial evidence that claimant sustained an industrial accident on June 22, 1954 and also from the board's refusal to grant the carrier's application for relief under subdivision 8 of section 15 from the Special Disability Fund because the claimant's condition prior to the 1954 injury did not constitute a hindrance or obstacle to employment. In addition to his incapacity resulting from the 1937 accident, claimant had a pre-existing luetic condition. As to the finding that the claimant sustained an accident on June 22, 1954, in our view there is sufficient evidence in the record to support same. The twisting and stretching involved in placing the reel into the projector machine above his head justified the board in finding a separate accident. As this court said in *Matter of Ussach* v. *Carolee Shops* (282 App. Div. 902) : " What may be catastrophic in a physiological sense need not be a happening of great magnitude or of dramatic force. It is enough if it is a happening, particularized in time and occurrence, and be of magnitude enough to leave adverse physical consequence  *  *  *  That the claimant here was doing his usual work is no answer to the award if in the usual work an unu-

sual and definable injury occurred." As to that part of the board's decision, which refused the carrier's application for relief under subdivision 8 of section 15 of the Workmen's Compensation Law because the claimant's condition prior to the 1954 injury did not constitute a hindrance or obstacle to employment, we find error which necessitates a reversal and a remittance. The record shows that although the claimant worked during the period between the two accidents at no diminution of wages, he was disabled. He was under constant medical care; was administered enemas three times a week over the entire period; had to use a cane while walking; needed a taxi to transport himself to and from work; needed assistance to climb the three steps into the projection room and lost the complete sight of his right eye during the period. The above clearly demonstrates permanent conditions which were obvious, and were or were likely to be hindrances or obstacles to employment. Similarly in *Matter of Dubrow* v. *40 West 33rd St. Realty Corp.* (4 A D 2d 896) and *Matter of Davis* v. *Concourse Gardens* (5 A D 2d 729) a shortened leg and limping gait were present and in *Matter of Sheldon* v. *Doughty's Laundry Serv* (4 A D 2d 909) where because of elephantiasis the claimant could not walk or stand with legs together, the court said, "The condition was obvious to anyone who saw the claimant; that it was likely to adversely influence an employer in deciding whether to employ him was also self-evident (cf. *Matter of Chardeen* v. *General Elec. Co.*, 285 App. Div. 914." It is not essential that there be a change of employment or special treatment and the fact that the claimant was able to and actually did his regular work from 1937 to 1954 is not determinative. "The question is not whether the impairment is one which would prevent the claimant from doing his work in a normal and acceptable manner but whether the impairment is one which is likely to be an adverse factor in the claimant's being employed or being retained in employment." (*Matter of Davis, supra,* p. 730; *Matter of Nagorka* v. *Goldstein,* 4 A D 2d 904.) The reference to "being employed or being retained in employment" is not restricted to the claimant's particular employment at the time of injury but refers to employment in a general sense, i.e., the claimant's opportunity for employment in the labor market as a whole. To say that a continuance in employment supports a finding that a condition is not a hindrance or obstacle to employment thwarts the purpose of subdivision 8 of section 15. Decision discharging the Special Disability Fund and charging the award against the employer and carrier reversed and matter remitted to the board for further consideration, with costs to the appellant against the Workmen's Compensation Board and Special Disability Fund. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.