In the Matter of the Claim of ARTHUR FITZGERALD, Respondent, v. NEWS SYNDICATE COMPANY INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from a decision which imposed liability against it on findings that claimant's susceptibility to herniation, due to abdominal wall weakness pre-existing the accidental injury, constituted a permanent physical impairment, that knowledge thereof was imparted to the employer by its clinical records, maintained by its salaried assistant medical director, and that the disablement is materially and substantially greater than that which would have resulted from the injury alone. The assistant medical director read from the employer's medical records numerous entries relating to claimant's abdominal

condition and his various abdominal difficulties and operations within the period of five years preceding the accident. Asked if claimant's disposition to herniation was temporary or permanent, the doctor said, "I would think that that would have to be considered permanent." Appellant now argues that this opinion was given in retrospect and that it is not shown that prior to the accident the doctor or the employer had concluded that the condition was permanent. Appellant did not, however, pursue this theory before the Referee and did not seek to elicit proof in support of it from the doctor or from any other source, when the opportunity to do so was at hand. In this case, the board could construe the evidence as to the contrary or could properly infer that at some time prior to the accident the doctor, and the employer for whom the doctor acted, had concluded that the condition was permanent; such an inference being in this case entirely reasonable, in view of the nature of the condition — a " disposition " or tendency and susceptibility — and in the light of the nature and character of the quite considerable data recorded with respect to claimant's medical and surgical history and its objective consequences. " There is no requirement that the employer have medical evidence or knowledge to a point of medical certainty as to the permanence of the injury. It is sufficient, in a case in which the injury was actually permanent, that the employer had formed his own conclusion or belief that the injury was permanent (*Matter of Dugan* v. *Muller Dairies*, 282 App. Div. 590)." (*Matter of Dubrow* v. *40 West 33rd St. Realty Corp.*, 4 A D 2d 896, 897.) The most that can be said for appellant's case, as respects the employer's knowledge or lack of knowledge of permanency, is that the record might warrant either inference; but in such case we could not, of course, disturb that which the board should find. Thus, in a somewhat similar case, although upon a record more favorable to the Special Fund, the board found inferences to the contrary of those which it adopted here and we affirmed. (See *Matter of Echols* v. *Hooker Electrochemical Co.*, 14 A D 2d 475.) The additional elements necessary to the imposition of Special Fund liability were also established by substantial evidence. Decision unanimously affirmed, with costs to respondents employer and carrier. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.