ERVIN, Justice.
This is a certiorari proceeding where a claimant in a workman’s compensation case is seeking to quash a decision of the Florida Industrial Commission setting aside an order of its deputy commissioner in favor of the claimant entered pursuant to § 440.-15(5) (d) (2), F.S., 1961, Laws 1959, c. 59-102, the Special Disability Fund statute. The full Commission remanded the cause with directions for the deputy to award benefits pursuant to § 440.02(19), F.S.1961, F.S.A., said statute requiring apportionment of disability where a claimant has a pre-existing disability at the time of his compensable injury.
The essential facts as found by the deputy are not in dispute. On July 25, 1962 the claimant, John Logan, fell off a porch of a residence while engaged in the performance of his duties as a window mechanic for respondents, permanently injuring his back. Claimant was earning an average weekly wage of $80.00. At the time of his injury and for many years prior thereto claimant had a serious back disability. He was treated for his early back disability by Dr. George T. F. Rahilly, an orthopedist who performed a spinal fusion in 1955 from L3 to the sacrum. Claimant returned to his occupation about a year after the operation. For several years prior to his present injury claimant worked for respondent with very little loss of time due to his back condition. Respondent hired claimant with full knowledge of his back operation and condition. Respondent sent claimant to Dr. Plumer J. Manson for treatment of the subject injury. Dr. Manson was of the opinion that claimant’s permanent disability attributable to the subject injury was between 5% and 10% of the whole body. Dr. Rahilly, who had treated claimant for the pre-ex-isting back condition also examined claimant for the subject injury and was of the. opinion that said injury attributed 10%. permanent disability to claimant. Dr. Manson was of the opinion that claimant is permanently unable to engage in heavy-work but could perform light work. Dr, Rahilly was of the opinion that claimant could not engage in any work — heavy or-light- — although he felt that possibly at ■ some time in the future claimant might be-able to engage in light work. On March 14, 1963- Dr. Rahilly submitted a report of his examination of claimant for the-subject injury which the deputy included;, in his findings. Dr. Rahilly stated:
“This is an appalling case to engage in heavy work. A trivial accident could trigger off this man’s disabil *692 ity as it apparently has. However, this man went into this accident with a great deal of disability whether he was aware of it or not, and, therefore, his total disability cannot be attributable to this one accident. However, I believe this man was changed from a position of being able to perform a gainful occupation to being unable to earn a living as a result of this accident.” (Emphasis supplied.)
The deputy adopted Dr. Rahilly’s appraisal of the case and found claimant permanently and totally disabled as a result of the subject injury of July 25, 1962. The deputy’s finding was based on his further finding that the subject injury merged with claimant’s “pre-existing permanent physical impairment of the back to cause a permanent disability that is materially and substantially greater than that which would have resulted from the subsequent back injury of July 25, 1962, alone.” Accordingly, the deputy awarded benefits for permanent total disability pursuant to § 440.15(5) (d) (2), Florida Statutes, as said section read in 1962.
On review the full Commission held that the deputy erred in not considering the question of apportionment and in not basing the award upon § 440.02(19), F.S. 1961, F.S.A., and directed the deputy to proceed to do so upon remand. We must quash the full Commission order.
It is our view that the deputy was correct and that this claim under the evidence presented falls squarely under § 440.15 (5) (d) (2), F.S., as said section obtained in 1962. The deputy correctly followed this Court’s decisions applicable to the facts presented in this case and particularly the criteria set forth in Unit Wall Co. v. Speh, Fla., 133 So.2d 304, where it was held:
“[3] We think that any pre-exist-ing disease or condition which is permanent, which is known to the employer, and which would reasonably magnify the extent or result of' a subsequent injury leading to permanent disability and thereby increasing the responsibility of the employer under our Workmen’s Compensation Act, is a disease or condition which is or is likely to be a hindrance or obstacle to employment and within the statutory definition of ‘permanent physical impairment.’
* * =¡= t- * *
“We think it sufficient if it is shown that the employee had a pre-existing permanent disease or condition which had a potential for and did exaggerate the extent or result of a subsequent compensable injury and that the employer had prior knowledge thereof.”
Here, it is undisputed that claimant had a serious, permanent, pre-existing impairment at the time of his injury; that respondent had knowledge of the same when claimant was hired; and that after the subsequent injury claimant is now permanently and totally disabled. The record sufficiently demonstrates that claimant’s pre-existing condition did exaggerate the extent or result of his subsequent injury. As Dr. Rahilly indicated in testifying, the subject injury was “the straw that broke the camel’s back.” Claimant’s subsequent injury when coupled with his pre-exist-ing impairment produced a result in disproportion to the result which would have normally been produced by the subsequent injury alone. Both Dr. Manson and Dr. Rahilly agreed that the subject injury was responsible for not more than 10% of claimant’s total disability. We cannot agree with respondent that the subject injury merely added to what previously existed.
Claimant, although permanently and seriously disabled, was in fact earning an average of $80.00 per week. He had been an efficient and good employee for respondent for years in spite of his condition. Now, as Dr. Rahilly wrote in his report, claimant has been “changed from a position of being able to perform a gainful occupation to being unable to earn a liv *693 ing as a result of this accident.” Suddenly, his weekly wage-earning capacity decreased from $80.00 to zero by an injury which otherwise would have been a reasonably minor injury.
For the reasons above expressed, we determine that the deputy commissioner correctly applied § 440.15(5) (d) (2), F.S. 1961, and that the full Commission erred in its interpretation thereof and its application of § 440.02(19), F.S.1961, F.S.A.
The petition for certiorari is granted .and the order of the full Commission is ■quashed with directions to reinstate the ■order of the deputy commissioner.
DREW, C. J., and THOMAS and .ROBERTS, JJ., concur.
CALDWELL, J., dissents.