■ In the Matter of the Claim of WILLIAM L. HERTZEL, Respondent, v. ALBANY HOUSING AUTHORITY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by the Special Disability Fund from a decision of the Workmen's Compensation Board, filed May 7, 1968, holding the Special Fund liable under subdivision 8 of section 15 of the Workmen's Compensation Law. The sole issue on appeal is whether there is substantial evidence to support the board's finding that the employer had knowledge of a pre-existing permanent impairment. Respondent was hired in 1952 as a mechanical inspector for the Albany Housing Authority. At that time he was suffering from a permanent disability, diagnosed as a rupture of the nucleus pulposus of the fourth lumbar vertebra, as a result of an injury sustained in 1940. In 1953 he notified the chairman, the executive secretary and the hiring architect of the Authority that it would be necessary for him to take an extended leave of absence due to " an old back injury and operation in 1940 ". He stated that the existing pain and discomfort was " increasing significantly each day " and that the condition presented " a substantial physical risk ". When respondent was subsequently rehired, the Authority was aware that his condition still necessitated the wearing of a back brace. The record thus clearly establishes that respondent suffered a permanent disability and that notice of his disability was brought to the employer's attention. The fact that respondent's condition persisted for 16 years and became increasingly acute, sufficiently apprised the employer that the injury was permanent. "It is enough if the condition is actually permanent and the employer knows the existence of the condition

and is in a position to form some judgment as to whether it is temporary or permanent. This is particularly true when the employer has knowledge that the condition is of long standing" (*Matter of Dugan* v. *Muller Dairies*, 282 App. Div. 590, 592). The board's determination was one of fact and cannot be disturbed since it is supported by substantial evidence (*Matter of Kehoe* v. *Kimberly Clark Corp.*, 28 A D 2d 1049; *Matter of Laws* v. *New York State Thruway Auth.*, 26 A D 2d 883). Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.