■ In the Matter of the Claim of FRANCIS VANCE, Respondent, against SCHUYLER ORMSBY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from a decision of the Workmen's Compensation Board which established the liability of such Fund for claimant's disability from May 8, 1954, the date of the third of three accidents. On June 8, 1953, claimant fractured his right collar bone for which he was ultimately awarded a schedule loss of 7½% of his right arm. On March 1, 1954 he strained muscles in his right shoulder and lower back, and on May 8, 1954 he strained some muscles in his lower back. The award appealed from by the Special Disability Fund held it liable to reimburse the carrier, the State Insurance Fund, for payments beyond the statutory period of 104 weeks for a permanent partial disability which claimant was found to have sustained as a result of the second and third accidents, against which liability has been apportioned equally. The award charges the Special Disability Fund with the liability for the effects of the last two injuries. There is, in our view, no substantial evidence to support the finding that the employer continued claimant in his employ from the time of his return to work in October, 1953 to the time of the second accident in March, 1954, with knowledge of a prior permanent physical impairment arising out of the fracture of the clavicle. It is true that the employer testified, with reference to this five-month period, that claimant was never able to do any heavy lifting; but neither from this nor from the other testimony of the employer could the board properly infer knowledge or "an informed judgment" as to permanence. (See Matter of Weinberger v. Zeibert & Sons, 2 A D 2d 908.) Ordinarily, a layman would not consider a fractured collarbone as giving rise to a permanent disability. That result was not, at the time, contemplated by the physicians, one reporting no permanence in August, 1953 and another reporting no disability in October, 1953 and later testifying that permanence could not be determined in less than a year. Thus the board has credited the employer with prescience which the medical experts did not possess. As we held in Matter of Dubrow v. 40 West 33rd St. Realty Corp. (4 A D 2d 896, 897): "There is no requirement that the employer have medical evidence or knowledge to a point of medical certainty as to the permanence of the injury. It is sufficient, in a case in which the injury was actually permanent, that the employer had formed his own conclusion or belief that the injury was permanent". Implicit in this statement, of course, is the require-

ment that there be some reasonable basis for such "conclusion or belief". In *Weinberger (supra)*, we found no basis for an "informed judgment" as to the permanence of a back condition. In other cases a sufficient basis has appeared. For example, *Dubrow (supra)* and *Matter of Davis* v. *Concourse Gardens* (5 A D 2d 729) each involved a shortened leg and limping gait; in *Matter of Sheldon* v. *Doughty's Laundry Service* (4 A D 2d 909) the condition "was obvious to anyone who saw the claimant". In *Matter of Netto* v. *General Crushed Stone Co.* (5 A D 2d 721), upon which the employer and carrier rely, it was "not disputed ⁕ ⁕ ⁕ that the employer knew of the condition and believed it permanent". We conclude that no claim for reimbursement can be predicated on the injury resulting from the June 8, 1953 accident. Neither will the record, as now developed, support a finding of Special Disability Fund liability on the basis of the March 1, 1954 accident and injury. It may be that proof in this direction may be supplied upon remission. Decision, so far as appealed from, reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against respondents employer and carrier. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.