■ In the Matter of the Claim of PATSIE DE DOMINIC, Respondent, v. JOSEPH SCHLITZ BREWING COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board discharging the Special Disability Fund from liability under the provision of subdivision 8 of section 15 of the Workmen's Compensation Law. On September 14, 1964 claimant sustained a compensable injury, following which the carrier filed a claim for reimbursement by the

Special Fund, asserting that a previous surgical colostomy resulted in a permanent condition within the meaning of subdivision 8 of section 15 of the Workmen's Compensation Law. The board's decision assessed liability upon a finding " that the employer had knowledge of the permanent impairment *but did not consider* it to be a hindrance, or likely to become a hindrance or obstacle to employment" (italics supplied), obviously predicating its determination as to employability *solely* on whether the *employer* considered the condition as a hindrance to the particular employment. Although no one denies the claimant suffered from a permanent impairment, the board's decision turned not on whether the impairment was a hindrance to employment but rather on the employer's evaluation as to its effect on further employment. As we noted in *Matter of Zyla* v. *Juilliard & Co.* (277 App. Div. 604, 606), "The disabilities that come within the definition are not merely those that are permanent, but those that also are or may be likely to hinder employment or be an obstacle to employment" and wherein we further implicity held that the factor which the employer must "consider" is the *fact* of permanent impairment, as distinguished from his own evaluation of the *effect* of the impairment. Lacking here is any finding or determination by the board that the particular condition itself is either a hindrance or likely to become an obstacle to employment. Furthermore, the issue is not whether the pre-existing condition is an obstacle or likely to become a handicap to the particular job, but rather whether it is a hindrance to or limits his employability generally. (*Matter of Nagorka* v. *Goldstein,* 4 A D 2d 904; *Matter of Torelli* v. *Robert Hall Clothes,* 9 A D 2d 147.) Decision reversed, with costs against the Special Disability Fund, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.