Jasen, J.
 

 Decedent was employed by Tip Top Farms, Inc. for 12 years as a milk delivery routeman. As part of his duties, decedent was required to lift and carry cases of milk weighing 50 to 60 pounds. Decedent suffered a heart attack while delivering milk on August 5, 1965, and died before reaching a hospital. The heart attack resulted in part from severe ‘
 
 ‘
 
 hypertensive arteriosclerotic heart disease ” which had existed for at least five years prior to death.
 

 Claimant, decedent’s widow, was awarded death benefits, and the employer and its insurance carrier sought reimbursement from the Special Disability Fund pursuant to section 15 (subd. 8) of the Workmen’s Compensation Law. The Referee found that the insurance carrier was entitled to reimbursement. The Workmen’s Compensation Board, however, reversed the Referee’s decision and discharged the Special Disability Fund from liability upon the ground that “ the employer could not have arrived at an informed opiniqn that the decedent’s condition was permanent simply because he [the employer’s president] knew that he [decedent] had hypertension for which medication Avas required.” The Appellate Division affirmed, holding that the fact that the employer’s president was aware that decedent suffered from high blood pressure and that this condition could not be
 
 “
 
 remedied ” was not sufficient to mandate a finding that the employer possessed an “ informed judgment ” that “ the knoAvn condition was permanent. ’ ’
 

 Section 15 (subd. 8, par. [e]) of the Workmen’s Compensation Law provides that an employer or its insurance carrier shall be reimbursed from the Special Disability Fund for benefits paid a claimant in excess of 104 weeks of disability if the compensable injury or disease was contributed to by a pre-existing permanent physical impairment.
 

 It is not disputed that decedent suffered from a permanent physical impairment within the meaning of the statute and that this impairment contributed to his death. The only controverted issue on appeal is whether the employer possessed sufficient knowledge of decedent’s disease and its permanency.
 

 
 *419
 
 The statute (§ 15, subd. 8) per se does not require knowledge of the employee’s pre-existing impairment on the part of the employer. However, the lower court has implied such a requirement from the policy underlying the statute, reasoning that there is no need to encourage an employer to hire a handicapped employee it does not know is handicapped.
 
 (Matter of Zyla
 
 v.
 
 Juilliard Co.,
 
 277 App. Div. 604.)
 

 The extent of employer knowledge of the employee’s physical impairment and its permanency required to establish the employer’s right to reimbursement from the Special Disability Fund has proven to be a troublesome issue. Some cases applying the knowledge rule appear to require little more than a good faith belief by the employer that the employee suffered from a permanently disabling condition (see, e.g.,
 
 Matter of Dubrow
 
 v.
 
 40 West 33rd St. Realty Corp.,
 
 4 A D 2d 896;
 
 Matter of Sheldon
 
 v.
 
 Doughty’s Laundry Serv.,
 
 4 A D 2d 909;
 
 Matter of Dugan
 
 v.
 
 Muller Dairies,
 
 282 App. Div. 590). On the other hand, other decisions of the lower court require that the employer’s good faith belief represent an informed judgment and be predicated upon some reasonable basis in fact. (See, e.g.,
 
 Matter of Weinberger
 
 v.
 
 Zeibert & Sons,
 
 2 A D 2d 908;
 
 Matter of Vance
 
 v.
 
 Ormsby,
 
 6 AD 2d 960;
 
 Matter of Cohen
 
 v.
 
 Campbell Co.,
 
 13 A D 2d 570;
 
 Matter of La Count
 
 v.
 
 Kaufman,
 
 23 A D 2d 614; 2 Larson, Workmen’s Compensation Law, § 59.33.)
 

 Here, the employer’s president, Abe Burkin, testified that he knew that decedent suffered from high blood pressure for several years because decedent had informed him of the disease. Mr. Burkin related that decedent frequently complained to him of headaches, dizziness and fatigue, and that he had observed decedent taking medication for his condition. Mr. Burkin stated that as a layman he knew that high blood pressure was a permanent condition which could be treated but ‘ ‘ not done away with ”, and that he retained decedent in his employment with this knowledge.
 

 That
 
 some
 
 knowledge by the employer of the permanent and disabling nature of
 
 the
 
 pre-existing impairment of its employee is required by section 15 (subd. 8) of the Workmen’s Compensation Law is indicated by the express policy of the statute to encourage employment of the handicapped. This policy is based upon the reluctance of employers to hire or retain employees
 
 *420
 
 whose possible subsequent injuries could result in increased financial burdens upon the employer because of the existence of a prior permanent impairment. Obviously, the Legislature would have no need to encourage employment of workers whose impairments are unknown to employers since such workers would meet no special barriers to general employment.
 

 We hold that the policy of the statute and the rationale of the knowledge requirement are met, however, if the prior physical impairment is in fact permanent, and the employer hires or continues in employment a worker with knowledge of the impairment and a good faith belief of its permanency. Certainly, the statutory purpose does not require that the employer have medical evidence or knowledge to a point of medical certainty concerning the permanency of the impairment.
 
 (Dubrow
 
 v.
 
 40 West 33rd St. Realty Corp., supra; Matter of Dugan
 
 v.
 
 Muller Dairies, supra.)
 
 The policy of encouraging employment of the handicapped would be frustrated if an employer’s good faith belief that its employee suffers from a permanently disabling condition is not sufficient to entitle the employer or its carrier to reimbursement from the Special Disability Fund in the event of a compensable subsequent injury. Although some factual basis should be required for the employer’s conclusion of its employee’s permanent impairment to prevent assertion of fraudulent claims against the Special Disability Fund, it is sufficient that the facts (including the employer’s prior experience or education) support the employee’s avowed conclusion that its employee suffered from a permanent physical impairment.
 

 For this reason, the Referee erred in preventing the employer’s president from supporting his opinion of the permanency of decedent’s high blood pressure by relating his experience with another person who suffered from the same condition.
 

 We conclude that this case falls squarely within the purpose and intent of the Legislature as expressly set forth in section 15 (subd. 8, par. [a]) of the statute, and that the employer or its carrier is entitled to reimbursement from the Special Fund as provided by the statute.
 

 Accordingly, the order of the Appellate Division should be reversed insofar as the Special Disability Fund is ¡discharged from liability and the decision of the Referee should be reinstated.
 

 
 *421
 
 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Bbeitel concur.
 

 Order reversed, with costs in this court and in the Appellate Division, and matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein.