██ In the Matter of the Claim of PHOEBE HILFIKER, Respondent, *v.* PARKER HANNIFIN CORP. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 19, 1970 which discharged the Special Fund from liability upon a finding that the employer failed to establish knowledge of a prior existing permanent impairment (Workmen's Compensation Law, § 15, subd. 8). Claimant sustained a work connected injury to her lower back for which she was awarded permanent partial disability. Prior to the industrial accident and her employment with respondent she had been involved in an automobile accident suffering injury to her neck, back, hip and lower extremities. Appellant's medical expert testified that the over-all disability suffered as a result of both accidents was substantially greater than the disability resulting from the injuries of the work connected accident alone. The board found that appellant "did not have an informed opinion as to the nature of claimant's pre-existing condition and that knowledge of a pre-existing physical impairment is not established." Claimant was examined by appellant's doctor prior to her employment and the subsequent medical report failed to mention the prior automobile accident and indicated that "everything was normal". Appellant's personnel manager, however, testified that he had been informed by his secretaries of claimant's accident and that he therefore consulted claimant's physician who informed him that claimant had a permanent partial disability but that she would be able to perform light work with no heavy lifting or heavy machine work. Appellant's manager stated that he thereafter employed claimant with knowledge that she had a prior permanent disability. The board's reference to an "informed opinion" is erroneous under the decision in *Matter of Bellucci* v. *Tip Top Farm* (24 N Y 2d 416) wherein the Court of Appeals held that there need only be "knowledge of the impairment and a good faith belief of its permanency" (*Matter of Bellucci* v. *Tip Top Farms,*

*supra*, p. 420). Moreover, we are left to speculate as to the exact basis for the board's determination on the issues raised before it, and it is impossible to ascertain from its decision the reason for the discharge from liability of the Special Disability Fund under subdivision 8 of section 15. The board carefully set out the testimony which would support a finding in favor of the appellant, but rendered a decision which does not permit intelligent judicial review. (See *Matter of Parker* v. *Waring Investigation Serv.*, 30 A D 2d 734.) When the recitation of testimony is followed by a conclusory statement as here, with no indication whatsoever of the board's factual findings, we can only speculate as to the basis for the decision. Decision reversed, with costs to appellants against the Special Disability Fund, and matter remitted for additional findings in clarification of the decision appealed from, or for other proceedings not inconsistent herewith. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.