In the Matter of the Claim of CARMELLA PASULLO, Respondent, v. CIVETTA CONSTRUCTION Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 24, 1972, denying appellant reimbursement from the Special Disability Fund (Workmen's Compensation Law, § 15, subd. 8). Claimant's deceased sustained injury on April 17, 1968 when a crane bucket fell on his left foot. His supervisor testified that, about a week before the accident, decedent told him that he had a heart condition. On the basis of this information, he assigned decedent to lighter duties. The board found "that the employer had no information upon which to arrive at an informal [*sic*] conclusion as to the nature of claimant's condition prior to the accidental injury. It is therefore found that knowledge under Sec. 15-8 is not established." The board's reference to an "informed conclusion" is improper under the requirements of the *Bellucci* case (*Matter of Bellucci* v. *Tip Top Farms*, 24 N Y 2d 416). In *Bellucci* (p. 420), it was held that the Special Fund will be liable if the employer employed or continued in employment a claimant, with knowledge of an impairment, which is not disputed here, and a "good faith belief of its permanency"—not an "informed" knowledge as the board required in the instant case. We have, on countless occasions, reversed decisions of the board and remitted for proper findings merely because the test applied was more stringent than the *Bellucci requirement* (e.g., *Matter of Mayer* v. *Harmony Country Club*, 39 A D 2d 990; *Matter of Green* v. *Kentucky Fried Chicken*, 38 A D 2d 644), and we are once again required to take that course here. Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.