THIRD DEPARTMENT, NOVEMBER, 1973

(November 1, 1973)

■ In the Matter of the Claim of DANIEL MILNER, Respondent, v. COUNTRY DEVELOPERS, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund from decisions of the Workmen's Compensation Board, filed May 27, 1970 and April 20, 1972, which found that claimant's employer continued claimant in employment with knowledge of his pre-existing permanent physical impairment and a good faith belief in its permanency, thus imposing liability for claimant's injuries upon the Special Disability Fund, pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant, a carpenter, fell from a roof while working for Country Developers on June 16, 1964. As a result, he sustained a fracture of the nose and a fracture dislocation of the left hip and has been found to have a permanent partial disability. Prior to this time, he had undergone surgery three times for ruptured discs, and this factor, together with such other maladies as degenerative osteoarthritis and circulatory defects, constituted a pre-existing permanent physical impairment for claimant at the time of his accident. The issue to be decided on this appeal is whether or not there is substantial evidence to support the board's finding that claimant was employed with a knowledge on the part of his employer of his pre-existing permanent physical impairment. The only testimony relative to whether or not the employer had sufficient knowledge of the claimant's pre-existing permanent condition was provided by Mr. Pahlck, the employer's foreman, who hired claimant for their mutual employer, Country Developers, Inc. When asked if he knew whether claimant's condition was a permanent one or not, he responded, "not really", and, when asked if he had any opinion as to whether or not the condition was lasting or permanent, he said, "no". Appellant relies, primarily, on this testimony in asserting that the board's determination is not supported by substantial evidence. This assertion, however, overlooks or disregards the balance of Pahlck's testimony. Pahlck testified that he had known and closely observed the claimant for approximately five years and that he had observed that the claimant wore a back brace or girdle almost continually. He also testified that he had worked with claimant on a previous project before either was an employee of Country Developers, Inc., and that on that project, as well as when both worked for Country Developers, Inc., fellow employees of the claimant constantly looked out for him by reason of his age and impairment. He testified, "we [always] * * * used to favor him because, well, partly, I can say partly through his age and partly for his back". He also added that warnings from fellow employees such as "'Don't let Dan grab the heavy stuff'" were commonplace. Additionally, he testified that he knew the claimant had some back difficulty before the accident and had heard him complain about his back. The applicable law is clear. For the Special Disability Fund to be liable, the employer must hire or continue in employment the worker with knowledge of his impairment and a good faith belief in its permanency (*Matter of Bellucci* v. *Tip Top Farms*, 24 N Y 2d 416). Whether the employer had such knowledge is a question of fact for the board (*Matter of Van Dusen* v. *Rochester Safti-Brake*, 32 A D 2d 684) and, as such, we will not disturb its decision, if it is supported by substantial evidence. When questions of fact involve credibility and conflicting testimony, the board must determine, under its duty to resolve these questions, wherein the truth lies and their resolution of these issues of credibility and weight to be given the testimony,

if supported by substantial evidence, may not be disturbed (*Matter of Woods* v. *Pan Amer. Airways,* 38 A D 2d 636). There is no question here but that the claimant had a permanent injury prior to his employment by Country Developers, Inc., and there is substantial evidence from which the board might infer that Pahlck believed the condition was permanent. Decisions affirmed, with costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.