■ In the Matter of the Claim of LESTER McCOY, Respondent, v PERLITE CONCRETE COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 11, 1974. In this case the board excused the Special Disability Fund from liability and charged the claim for all disability resulting from claimant's injury of March 31, 1969 to appellants on the ground that the employer did not have the requisite knowledge under subdivision 8 of section 15 of the Workmen's Compensation Law. The question of requisite knowledge under subdivision 8 of section 15 of the Workmen's Compensation Law is factual and thus, if the board's decision is supported by substantial evidence, it must be upheld (e.g., Matter of Daus v Gunderman & Sons, 283 NY 459). However, all that is required is "some knowledge by the employer of the permanent and disabling nature of the pre-existing impairment of its employee" (emphasis added) (Matter of Bellucci v Tip Top Farms, 24 NY2d 416). Here, there is significant medical testimony of a permanent impairment, and just as the employer's foreman was about to testify as to his knowledge of the permanency of claimant's condition, the Special Fund objected and the objection was erroneously sustained on the ground the testimony was immaterial. Thus, this vital testimony was lost and in this close case an opportunity should be provided to establish the same. Accordingly, the decision should be reversed and the matter remitted to take fully the testimony of the employer's foreman, Charles Principato, and the claimant on the question of his knowledge as to claimant's prior

condition. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to the employer and its insurance carrier against the Special Disability Fund. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.