■ In the Matter of the Claim of EDWARD HENDRICKS, Respondent, v TORO POWER HOUSE, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 6, 1975, which discharged the respondent, Special Disability Fund, from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. In order to have reimbursement from the fund, the burden was upon the appellants to establish that the employer had either hired or continued in employment the claimant with knowledge of a pre-existing permanent physical impairment affecting his eligibility and a good faith belief in its permanency. *(Matter of Bellucci v Tip Top Farms,* 24 NY2d 416; *Matter of Milner v Country Developers,* 43 AD2d 595; *Matter of De Dominic v Schlitz Brewing Co.,* 30 AD2d 578, 579.) The board has found "that the employer did not have sufficient information to arrive at an informed opinion as to the nature of claimant's pre-existing condition." The present appeal does not raise any issues as to the existence of a pre-existing impairment and its nature, and the sole question is the finding of the board as to the employer's knowledge. The record contains the testimony of the claimant's immediate employer to the effect that when he hired claimant, he was aware the claimant had pre-existing back problems and that his physical work activity was limited by his back. While the employer did not know the precise details of the back disability, he had observed that the claimant was unable to bend over for any length of time. He specifically stated that he considered the condition to be permanent. The fund points out that the employer did not consider the claimant handicapped for the particular job assignments; however, that is not a factor related to the requisite knowledge. (See *Matter of De Dominic v Schlitz Brewing Co., supra.)* Furthermore, it is not necessary that the employer know the precise physical component causing the disability. (Cf. *Matter of Milner v Country Developers, supra.)* The board's finding implies a necessity of an "informed opinion" and is erroneous as a matter of law. *(Matter of Pascullo v Civetta Constr. Co.,* 42 AD2d 655; *Matter of Mayer v Harmony Country Club,* 39 AD2d 990; *Matter of Green v Kentucky Fried Chicken,* 38 AD2d 644; *Matter of Hilfiker v Parker Hannifin Corp.,* 37 AD2d 650.) While the determination of the board as to the

extent of the knowledge possessed by the employer is generally factual, the court cannot reach the issue of substantial evidence supporting the decision when it affirmatively appears that the board has applied an erroneous legal test affecting the decision. (See *Matter of Hilfiker v Parker Hannifin Corp., supra,* p 651; cf. *Matter of Milner v Country Developers, supra.)* Decision reversed, with costs to appellants against the Special Disability Fund, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.