■ In the Matter of the Claim of HENRY KUMATSKY, Respondent, v GEORGE M. STILL, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board, filed September 4, 1975, which discharged the Special Disability Fund from liability under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. In order for liability to pass to the Special Disability Fund under subdivision 8 of section 15, the claimant must have a prior physical impairment which is permanent, and the employer must hire or continue him in employment "with knowledge of the impairment and a good faith belief of its permanency" (Matter of Bellucci v Tip Top Farms, 24 NY2d 416, 420). In the case at bar, the president of the employer testified that prior to claimant's accident he became aware that claimant had undergone open heart surgery, and that claimant was undergoing treatment which was assumed to be in connection with the heart condition. A majority of the board also noted the employer's testimony that "he never thought about whether claimant's heart condition affected his work as a truck driver", and found that the employer did not have "proper knowledge of a pre-existing condition" within subdivision 8 of section 15. To the extent that the majority of the board has taken into account the employer's knowledge as to the effect of claimant's heart condition on his work, the majority of the board panel has applied an erroneous test. "The factor which the employer must 'consider' is the fact of permanent impairment, as distinguished from his own evaluation of the effect of the impairment" (Matter of De Dominic v Schlitz Brewing Co., 30 AD2d 578, 579). Whether or not the employer considers the claimant to be handicapped for particular job assignments is irrelevant (Matter of Hendricks v Toro Power House, 53 AD2d 761). Special Fund argues on appeal that the employer could not as a layman have had knowledge as to whether or not claimant was actually impaired in a medical sense, since his prior surgery might have effected a cure of his condition. Such an analysis is erroneous. If the claimant was in fact impaired, and such impairment was permanent (factual issues upon which the majority of the board has made no determination in the present case) it would not be necessary for the employer to have "medical evidence or knowledge to a point of medical certainty concerning the permanency of the impairment" (Matter of Bellucci v Tip Top Farms, supra, p 420). Once it is established that the employer knew claimant had undergone open heart surgery, that would be sufficient factual basis to support the employer's conclusion of the employee's impairment, but the imposition of liability upon the Special Disability Fund would still require a showing that claimant is in fact permanently impaired. Decision reversed, with costs to appellants filing briefs against the Special Disability Fund, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.