■ In the Matter of the Claim of HAROLD SALTUS, Respondent, v EASTERN AIRLINES, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals (1) from a decision of the Workmen's Compensation Board, filed March 26, 1976, which affirmed the referee's decision of July 17, 1975, discharging the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law and (2) from an amended decision filed October 8, 1976, which found that the claimant has an 80% disability and a 20% earning capacity. This claim arose out of an injury to claimant's back while he was lifting a footlocker in the course of his duties as porter on June 2, 1972. He has been classified permanently partially disabled. Claimant suffered an earlier back injury in 1967 while working for the same employer, causing him to miss six weeks. He was compensated for that claim. The carrier seeks to open the prior claim on the basis of subdivision 8 of section 15 of the Workmen's Compensation Law, which provides adjustment of liability for those who hire or continue to employ the handicapped. The board refused to credit the testimony of the carrier's only witness, a former manager in the area where claimant worked. The witness attempted to establish the employer's prior knowledge of the claimant's injury, but the record shows his testimony was equivocal and particularly lacking on a critical point—the exact date he learned of the disability. The board's refusal to credit this testimony must be affirmed. The Special Fund was properly discharged. The carrier also objects to the board's ruling that claimant was partially disabled to the extent of 80% of his working capacity. The argument rests on the absence of evidence in the record. The argument is meritless. The record contains much medical evidence to support their conclusion. Decisions affirmed, with one bill of costs to respondents filing briefs. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.