■ In the Matter of the Claim of NICK WALL, Respondent, v PREMIUM TRANSPORT SERVICE et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed April 14, 1977 and an amended decision filed December 1, 1977. On December 1, 1977, an amended decision of the board was filed wherein the board found that the carrier had failed to prove "that the employer had a good faith belief of a previous permanent impairment within the meaning of the Workmen's Compensation Law". The Special Disability Fund was discharged from liability. The sole issue on this appeal is whether or not the board's decision filed December 1, 1977 is supported by substantial evidence in the record. In *Matter of Bellucci v Tip Top Farms* (24 NY2d 416) the Court of Appeals held that the Special Disability Fund is liable under section 15 (subd 8, par [a]) of the Workers' Compensation Law where an employer hires or continues in employment a worker with knowledge of his prior physical impairment and a good faith belief in permanency (p 420). The court further stated (p 420) that liability will be found where there is "some factual basis" to support the employer's "avowed conclusion" that its employee suffered from a permanent physical impairment. The employer testified that claimant informed him when he was first hired as a driver-chauffeur that he had numerous falls as a jockey; that many bones in his body had been broken; and that his health was not that good. Claimant told the employer that he was not capable of lifting luggage and getting in and out of a vehicle, and, as a result, the employer permitted him to work as a security man and garage attendant. The employer specifically testified that as a result of this knowledge, he felt that claimant's prior injuries were of a permanent nature. It is not necessary for the employer to know the "precise physical component" causing the disability *(Matter of Hendricks v Toro Power House,* 53 AD2d 761, affd 42 NY2d 879), and he need not have medical evidence or knowledge to the point of medical certainty concerning the permanency of the impairment *(Matter of Kumatsky v George M. Still, Inc.,* 55 AD2d 764). In our view, the employer's testimony was clear and unequivocal and did not raise credibility questions, and provided the necessary "factual basis" for his conclusion that claimant suffered from a permanent physical impairment *(Matter of Bellucci v Tip Top Farms, supra,* p 420; see, also, *Matter of McCoy v Perlite Concrete Co.,* 53 AD2d 749, rearg den 54 AD2d 770). Although the issue of knowledge is a factual determination for the board, its decision flies in the face of the uncontradicted testimony of the employer and cannot stand, where, as here, it is not supported by substantial evidence. Decision reversed, with costs to appellants, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur.

Sweeney, J., dissents and votes to affirm in the following memorandum. Sweeney, J. (dissenting). I am unable to agree with the result reached by the majority and, therefore, dissent and vote to affirm. In my view, the testimony of the employer's president was vague and equivocal. It raised questions of fact and credibility solely within the province of the board to determine *(Matter of Mennis v Amendes Co.,* 59 AD2d 794). Considering the record in its entirety, there is substantial evidence to support the board's decision and it should be affirmed.