■ In the Matter of the Claim of GERALD GRIFFIN, Respondent, v JOHN CIVETTA & SONS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed July 20, 1978, which discharged the Special Disability Fund from liability under section 15 (subd 8, par [d]) of the Workers' Compensation Law. While working for the employer herein on October 29, 1974, claimant concededly sustained a compensable back injury, and it is likewise uncontested that he had a pre-existing permanent physical impairment as a result of a back injury sustained on September 5, 1973. Claimant's disability after February 18, 1975 was subsequently apportioned 50% to each of these accidents, and the only question presented for our review is whether or not the board properly discharged the Special Disability Fund from any liability for claimant's award under section 15 (subd 8, par [d]) of the Workers' Compensation Law on the ground that appellants failed to establish that the employer had the requisite knowledge of the pre-existing permanent impairment. We hold that the board's decision should be affirmed. Cited by appellants as evidentiary support for the proposition that the employer did have the requisite knowledge are a statement dated May 30, 1975 and signed by Arthur W. Cooke, the employer's job superintendent, and also Cooke's testimony at a referee's hearing on August 5, 1977. However, although the signed statement does tend to indicate that the employer through its job superintendent did have the necessary knowledge of claimant's earlier injury, the reliability of that statement is brought into serious question by the fact that it was prepared by the employer's carrier and submitted to Cooke for his signature, and it might well be assumed that Cooke felt some pressure to sign the statement presented by his employer's insurance company. Moreover, Cooke's own testimony establishes that he only vaguely recalled claimant's back problem at the hearing and that he had not given any consideration to claimant's condition until the carrier came to him with the statement. Under these circumstances, we cannot say that the board acted unreasonably in discrediting the signed statement and placing little reliance upon Cooke's vague testimony, and, accordingly, the decision of the board that the employer

lacked the requisite knowledge should not be disturbed (cf. *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Ruane v Cushman,* 70 AD2d 697; *Matter of Saltus v Eastern Airlines,* 59 AD2d 811). Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Kane and Main, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The finding of the board discharging the Special Disability Fund is not supported by substantial evidence. Arthur W. Cooke, a superintendent for appellant John Civetta & Sons, testified that he was empowered to hire and fire employees for appellant. He was aware of the claimant's bad back before his accident. He also said that he considered a bad back as a permanent thing based on experience with his own back which recurrently bothered him. Further, his statement which was made close to the time of claimant's accident, indicated full knowledge of claimant's condition, including the fact that the claimant had to wear a brace for his back. The decision of the board is not in keeping with the pronouncements of the Court of Appeals in *Matter of Bellucci v Tip Top Farms,* (24 NY2d 416). (See, also, *Matter of Wall v Premium Transp. Serv.,* 67 AD2d 759; *Matter of Kumatsky v George M. Still, Inc.,* 55 AD2d 764; *Matter of Hendricks v Toro Power House,* 53 AD2d 761, affd 42 NY2d 879.) The decision of the board should be reversed.