■ In the Matter of the Claim of HOWARD BUTT, Respondent, v LANDSMAN PACKING Co., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 22, 1978, which found that the claimant had a causally related disability after January 21, 1977. The primary issue is whether the record contains substantial evidence of physical impairment causally related to an initial industrial accident which occurred on July 3, 1973 when the claimant inhaled chlorine gas, concededly causing an acute bronchitis. The board, after summarizing the medical testimony, including a medical examiner's conclusion of a permanent partial disability, and other findings of "moderate ventilatory impairment", found: "Upon review, Board Panel finds based on credible medical evidence, including reports of Dr. J. Gold that claimant had a causally related disability after 1/21/77". The record contains substantial evidence supporting the board's decision. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of FRANK MAZUR, Respondent, v CONSOLIDATED CARPENTRY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 14, 1978, which affirmed a referee's decision finding that the employer did not have knowledge and that subdivision 8 of section 15 of the Workers' Compensation Law did not apply. The board found: "based on the testimony of the employer and the claimant, that the employer did not have sufficient knowledge that claimant had a back condition, or a good faith belief in its permanency." There is substantial evidence to sustain the determination of the board. The resolution of questions of credibility and weight of the evidence are for the board *(Matter of Milner v Country Developers,* 43 AD2d 595). Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.