■ In the Matter of the Claim of MAY SANDERS, Respondent, v LANCAS-

TER CENTRAL SCHOOL SYSTEM et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 1, 1979, which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workers' Compensation Law. On May 8, 1975, claimant's decedent, employed by the Lancaster Central School System as a schoolgrounds keeper, suffered a fatal myocardial infarction which the board found compensable. The carrier filed a claim for reimbursement out of the Special Disability Fund pursuant to subdivision 8 of section 15 of the Workers' Compensation Law, alleging in the claim that the decedent had a prior physical impairment of coronary artery disease and arteriosclerotic heart disease. The sole issue presented by this appeal is whether the board's decision that the employer did not have knowledge of the decedent's prior physical impairment is supported by substantial evidence. Whether the employer had such knowledge is a question of fact for the board's determination and its decision may not be disturbed if it is supported by substantial evidence (*Matter of Milner v Country Developers*, 43 AD2d 595). Here, the school superintendent, Dr. Hayes, testified that he did not have the "slightest idea" of the nature of decedent's heart problem. The testimony of the other two witnesses is of no avail to the employer because it was vague and equivocal. Mr. Bauer conceded that he had never seen any medical reports describing claimant's disability, except for one which described his situation as a "strained heart muscle". He did not have direct supervision over the decedent and he could only recall that the decedent had headaches. Moreover, in regard to his knowledge of the decedent's strained heart muscle, he testified that the decedent "got over it and he came back to work", and he attached no permanency to it. Likewise, Mr. Barrows, when asked if he had any basis or reason to assume that the decedent's condition was permanent, testified, "No, I didn't." Thus, the board's decision that the employer did not have the requisite knowledge under subdivision 8 of section 15 is supported by substantial evidence and should be affirmed (*Matter of Carasia v New York Times Co.*, 65 AD2d 836). Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.