■ In the Matter of the Claim of JOSEPH TERRELL, JR., Respondent, v CARBORUNDUM Co., Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 28, 1982, which discharged respondent Special Disability Fund from liability pursuant to subdivision 8 of section 15 of the Workers' Compensation Law. At the time claimant was hired by the employer herein, he was given a pre-employment physical examination which included X-ray examination of his chest and back, and a written report from the radiologists. That report to the employer disclosed a congenital back condition which limited claimant to clerical or light physical work. The employer's representative, who hired claimant, testified that he knew the X-ray findings were a bar or hindrance to heavy work and that absent special considerations claimant would not have been hired because of these findings. The board, after reciting these and other facts in its memorandum of decision, found that there was "no evidence that the employer had any previous knowledge of a prior permanent condition pursuant to the provisions of section 15, subdivision 8". We note that the board did not assess the credibility of the evidence, but merely the presence or lack thereof. Accordingly, when we apply the test required by *Matter of Bellucci v Tip Top Farms* (24 NY2d 416), we find that the record demonstrates claimant possessed a physical impairment prior to his hiring by the employer herein that was in fact permanent, and that the employer hired him with knowledge of that impairment and a good-faith belief in its permanency within the contemplation of the rule established by *Bellucci* (*Matter of Wall v Premium Transp. Serv.,* 67 AD2d 759, affd 49 NY2d 752; *Matter of Hendricks v Toro Power House,* 53 AD2d 761, affd 42 NY2d 879). Decision reversed, with costs to the self-insured employer against the Special Disability Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.