Egan Jr., J.
Appeal from a decision of the Workers’ Compensa *1370 tion Board, filed August 14, 2013, which ruled that the employer is not entitled to reimbursement from the Special Disability Fund.
Claimant worked for the self-insured employer as an electrical construction mechanic for approximately 20 years. Following the September 11, 2001 terrorist attacks and after working at the World Trade Center (hereinafter WTC) site for six weeks, claimant developed breathing problems that ultimately caused him to stop working altogether in November 2003. Based upon diagnoses of emphysema and later interstitial lung disease, claimant filed claims for workers’ compensation benefits in February 2003 and March 2007; he subsequently was found to be permanently totally disabled and was awarded benefits. The employer sought reimbursement from the Special Disability Fund pursuant to Workers’ Compensation Law § 15 (8) (d) citing, among other things, claimant’s preexisting lung disease as a prior physical impairment. The Workers’ Compensation Board denied the employer’s application and concluded that claimant’s permanent total disability was due solely to his exposure at the WTC site, not to a preexisting medical condition. Upon appeal, this Court reversed and held that the Fund was improperly discharged given the absence of evidence that claimant’s disability was caused solely by his WTC exposure (108 AD3d 808, 810 [2013]).
Upon remittal, the Board again considered whether the employer was entitled to reimbursement from the Fund under Workers’ Compensation Law § 15 (8) (d). In evaluating the requirements for obtaining reimbursement, the Board concluded that the employer had failed to meet its burden of demonstrating that claimant’s preexisting medical conditions hindered or were likely to hinder his job potential (see Workers’ Compensation Law § 15 [8] [b]) and, consequently, ruled that Workers’ Compensation Law § 15 (8) (d) was inapplicable. The employer and its claims administrator (hereinafter collectively referred to as the employer) now appeal.
In order to be entitled to receive reimbursement from the Fund pursuant to Workers’ Compensation Law § 15 (8) (d), the employer must demonstrate that the “ ‘claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone’ ” (Matter of Conway-Acevedo v Consolidated Edison Co. of N.Y., Inc., 114 AD3d 1016, 1017 [2014], quoting Matter of Burley v Theriault Transp., 85 AD3d 1423, *1371 1423 [2011]; see Matter of Grabinsky v First At Nursing Servs., 79 AD3d 1494, 1495 [2010]). As to the first requirement, the relevant inquiry is not whether the preexisting impairment was an obstacle to a particular job, but whether it was a hindrance to the claimant’s employability in general (see Matter of De Dominic v Schlitz Brewing Co., 30 AD2d 578, 579 [1968]).
The record here contains little evidence concerning the medical impairments suffered by claimant prior to his work at the WTC site and their effect upon his ability to work. Claimant’s yearly occupational health exams and diagnostic tests dating back to 1990 were, for the most part, unremarkable except for an indication that his pulmonary function was abnormal and that he had hypertension. Nevertheless, these conditions did not produce symptoms that limited claimant’s ability to work for the employer, as he continued to perform his regular duties without a problem until he began to experience breathing difficulties in 2002 following his work at the WTC site. Indeed, claimant testified that he was never told that he had any type of problem with his lungs until he experienced shortness of breath in 2002. Moreover, the employer’s sick leave records disclose that, prior to working at the WTC site, claimant did not miss any significant time from work as a result of the aforementioned medical impairments. Notably, the record is devoid of proof concerning the impact of claimant’s preexisting impairments on his general employability. In view of the foregoing, substantial evidence supports the Board’s finding that there was no demonstration that claimant’s preexisting medical impairments hindered or were likely to hinder his job potential (see Matter of Conway-Acevedo v Consolidated Edison Co. of N.Y., Inc., 114 AD3d at 1017; Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1366 [2013]). Therefore, we find no reason to disturb the Board’s decision. We have considered the employer’s remaining arguments and find them to be unpersuasive.
Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.